IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,          :

      Plaintiff,          :

    v.          :          Case No. 2:06-cr-0163

Samuel A. Pernell,          :          JUDGE SARGUS

      Defendant.          :

<u>DETENTION ORDER</u>

The above defendant appeared before the Court for a detention hearing on October 23, 2006.  Following the hearing, the Court ordered the defendant detained without bond pending further proceedings.  The purpose of this order is to set forth in writing the reasons for that decision.

The defendant was indicted on one count of possessing with intent to distribute more than five grams of crack cocaine and one count of possessing a firearm in furtherance of a drug trafficking crime.  Both crimes allegedly occurred on October 12, 2005.  The United States' request for detention was based upon the presumption created by these charges and is evaluated under the following standard.

<u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer

> finds that there is probable cause to
> believe that the person committed an
> offense for which a maximum term of
> imprisonment of ten years or more is
> prescribed in the Controlled Substances
> Act (2l U.S.C. 801 et seq)...[or] an
> offense under section 924(c)...of this
> title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence. However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985). There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden. Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community. That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States. Consequently, even if a high monetary bond is set for such persons, they are able, through

the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged. Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings. If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance. United States v. Dominguez, 783 F.2d 702 (7th Cir. 1986). However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

Additional facts were provided in the Pretrial Services Report. The defendant has lived in Columbus since 2002 and, for the past year, has resided with his mother and one of his children. He has been employed fairly consistently for most of his adult life, working in the construction field, at a grocery store, and for his uncle at a landscaping company. He does not appear to have a history of substance abuse. If released, he could reside either with his mother or with his girlfriend.

The defendant has an extensive criminal record. Shortly after he became an adult, he was convicted of a misdemeanor count of carrying a concealed weapon. Two years after that, he was convicted of drug abuse with a specification of having previously been convicted of a crime of violence and sentenced to three to five years in jail. It appears he served the majority of that

3

sentence until he was paroled in July of 1999.  In 2000, he was convicted of felony possession of drugs, sentenced to a jail term, furloughed, and then subjected to a revocation of his furlough.  In 2004, as a result of a conviction for driving under suspension, he was placed on community control until July 1, 2009.  He received a similar sentence of community control for a resisting arrest charge filed in 2004.  In 2005, he pleaded guilty to felony possession of drugs and was sentenced to twelve months of community control.  Consequently, when he allegedly committed the instant offense, he was on community control from three different offenses, including a felony drug offense.

The defendant argued that because he had not fled or committed new crimes since his arrest on these charges initially on October 12, 2005, he was a good candidate for bond.  While that argument carried some weight, the Court concluded that it did not rebut the presumption of detention created by the indictment and by the fact that he has prior weapons and drug convictions similar in nature to the instant charges and that he apparently committed these serious felonies while subject to community control.  The Court was not persuaded that if it imposed essentially similar conditions, the community would be adequately safeguarded against the threat of future criminal activity by this defendant.  Further, because he is facing very substantial penalties with respect to these crimes, there is also a significant risk of non-appearance.  For these reasons, the Court concluded that the defendant was not entitled to release on bond and he was detained pending further proceedings.

The defendant was advised of his right to seek review of this detention order by a United States District Judge pursuant to 18 U.S.C. §3145(b).


/s/ Terence P. Kemp
United States Magistrate Judge